

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# Nicholas v. Heffner

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3919

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nicholas v. Heffner" (2007). *2007 Decisions.* Paper 1418.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1418

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**HLD-71**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3919
_____

EDWARD J. NICHOLAS,
Appellant

v.

DONALD HEFFNER, Badge 15, Harrisburg Police Department;
ZYGMONT PINES; MARSHA STEWART; LOWELL WITMER; GEORGE ZOZOS;
JOHN DOE, Harrisburg Police Station; AMERICAN DETECTIVE AGENCY;
JAMES P. BARKER; CAPITOL PAVILLION; THOMAS CORBETT; JOHN DOE,
Staff Member ROB; FRANCIS R. FILIPI; WILLIAM LOWRY, Supervisor
of Parole; SENTENCING COMMISSION; SUPERIOR COURT/MIDDLE DISTRICT;
UNITED STATES ATTORNEY GENERAL; UNITED STATES JUDICIAL
COUNSEL; MICHELLE ZIMMERMAN

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 06-cv-01478)
District Judge: Honorable John E. Jones III
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 9, 2007
BEFORE: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges
(Filed: March 28, 2007)
_____

OPINION
_____

PER CURIAM.

　　　　Edward J. Nicholas, a state prisoner proceeding pro se, appeals an order of

1

the United States District Court for the Middle District of Pennsylvania dismissing his civil rights complaint and denying his motion for temporary injunctive relief as moot. We will dismiss his appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On May 15, 1998, following a jury trial, Nicholas was convicted of aggravated assault and acquitted of one count of robbery and two counts of criminal conspiracy. He was sentenced to six and one-half years to twenty years in prison. In July 2006, Nicholas filed a civil rights action, which he later amended, alleging that the police falsely arrested him in 1997, and maliciously prosecuted and falsely imprisoned him in 1998, for aggravated assault, robbery and conspiracy, in violation of his right to due process. He alleged that the police forged police reports to effect a false arrest and tampered with witnesses. He also claimed that certain court administrators withheld documentation supporting his case. Nicholas sought various remedies, including damages, federal investigation and prosecution of the defendants, and the termination of their employment. On August 15, 2006, Nicholas attempted to file a Second Amended Complaint adding new defendants and new claims arising out of an incident that occurred in 2006, while he was on parole.

The District Court dismissed the Second Amended Complaint as improvidently filed and dismissed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) as barred by the favorable termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994). It denied Nicholas's motions for injunctive relief and expedited service of process as moot. This appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. Nicholas has been granted leave to proceed in forma pauperis on appeal. Because his appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(I). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

The District Court did not err in dismissing Nicholas's Second Amended Complaint. Had the Second Amended Complaint corrected a deficiency in the Amended Complaint, its allowance might have been required under Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), absent any equitable considerations or the futility of the amendment. Here, however, Nicholas alleged essentially a new action against new defendants with new claims arising out of a set of operative facts that are unrelated to the factual claims in the original or Amended Complaints.

The District Court properly dismissed Nicholas's Amended Complaint under § 1915(e). To the extent Nicholas seeks damages for malicious prosecution, he has no cause of action under 28 U.S.C. § 1983 absent a showing that his conviction has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Nicholas's habeas petitions in Civ. A. Nos. 05-01771 and 06-01245 were denied as barred by the statute of limitations, and there is no indication in the record that his convictions have otherwise been invalidated.

Assuming in Nicholas's favor that his false arrest/imprisonment claim is not barred by Heck, the claim is barred, in any event, by the statute of limitations. See

3

Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). Where the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, sua sponte dismissal under 28 U.S.C. § 1915 is permissible. See Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006). These requirements have been satisfied here. Nicholas's Fourth Amendment claim accrued when he appeared before a magistrate and was bound over for trial or arraigned on charges. See Wallace v. Kato, __ S. Ct. __, 2007 WL 517122, at * 4-5 (Feb. 21, 2007). Although the precise date upon which Nicholas was arraigned or otherwise bound over for trial is not in the record, it is certain that he was arraigned before his trial began in May 1998. Assuming in Nicholas's favor that he was arraigned as late as the first day of trial, under the applicable two year statute of limitations, Pa. Cons. Stat. Ann. § 5524, he had until May 2000, to file a timely complaint. His complaint was filed in July 2006, well after the limitations period had expired.

The District Court correctly denied injunctive relief. The remaining relief requested is not available as the District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Nicholas's pending motions are denied.

4